# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANI-KING INTERNATIONAL, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:20-cv-0989 (TNM) ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## PROTECTIVE ORDER

Upon consideration of the Joint Motion For Entry of a Protective Order, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, IT IS ORDERED THAT the Joint Motion for Entry of a Protective Order be and hereby is GRANTED.

IT IS FURTHER ORDERED:

1. In the above-enumerated case (this "Action"), in response to Plaintiffs' Amended Verified Complaint (April 27, 2020) (Doc. 13), Defendants, the U.S. Small Business Administration et al. ("SBA"), have preliminarily determined that certain documents may qualify for inclusion in the Administrative Record. Such documents are referred to herein as the "Preliminary Administrative Record."

2. The Court hereby enters this Protective Order ("Order") to protect confidential documents and information that may be produced as part of the Preliminary Administrative Record by SBA in the course of the proceedings in this Action and to set forth mandatory procedures for persons who receive or review documents or information produced subject to this Order.

3. <u>Confidential Information</u>.  SBA and its counsel are hereby authorized to release confidential business information that is contained in the Preliminary Administrative Record and is relevant to the specific allegations in Plaintiffs' Amended Verified Complaint.

4. <u>Definitions</u>.

   a. <u>Covered Documents</u>. Those documents in the Preliminary Administrative Record that SBA or its counsel identifies as containing confidential business information by the designation "Confidential" are hereinafter referred to as "Covered Documents."

   b. <u>Covered Information</u>. All information that SBA or its counsel identifies as being confidential business information as well as any information derived solely from Covered Documents, even if incorporated in another document, pleading, or referred to in testimony, is hereinafter referred to as "Covered Information."

   c. <u>Redacted Information</u>. SBA may redact confidential business information contained in the Preliminary Administrative Record to which Plaintiffs' Amended Verified Complaint does not refer or relate.  Such information is referred to herein as "Redacted Information."  SBA will not redact any information that refers to Plaintiffs, and will not redact non-confidential business information.

5. <u>Designations of Information as "Confidential"</u>. SBA will designate as "Confidential" only the material that it determines is confidential business information.  If only some of the information on a page is confidential, then SBA will indicate which part is confidential and protected by this Order.  If all the information on a page contains confidential business information, then SBA will designate the whole page as "confidential."

6. <u>Explanation of "Confidential" Designations or Redactions</u>. SBA will provide to Plaintiffs' outside counsel explanations of the nature of any Redacted Information, and reasons that it believes that Covered Documents, Covered Information, or Redacted Information require

confidentiality, if Plaintiffs' outside counsel, in good faith after reviewing the Preliminary Administrative Record, notifies SBA which confidentiality designations or redactions are either not self-evident from the context of the Preliminary Administrative Record or are challenged as not being confidential or properly redacted.

7. <u>Persons to Whom Disclosures May Be Made</u>. Disclosure of Covered Documents or Covered Information in the Preliminary Administrative Record by Plaintiffs' outside counsel is strictly limited to the Court, the Court's staff, and Plaintiffs' outside counsel, including associated personnel necessary to assist Plaintiffs' outside counsel in this litigation, such as litigation assistants, paralegals, secretarial or other clerical personnel, and litigation support services, including outside copying services.

8. <u>Nondisclosure of Covered Documents and Covered Information</u>. Plaintiffs' outside counsel may use Covered Documents or Covered Information produced subject to this Order only for the purpose of this litigation (and all appeals thereof). The Preliminary Administrative Record contains highly sensitive confidential business information belonging to certain entities whose submissions to SBA are potentially relevant in this Action. Accordingly, Plaintiffs' outside counsel shall not disclose, in any manner whatsoever, Covered Documents and Covered Information produced subject to this Order to any other person or entity beyond those indicated in Paragraph 7 or for any purpose other than this litigation (and all appeals thereof) without further order of this Court.

9. <u>Covered Documents and Covered Information To Be Returned</u>. Plaintiffs' counsel shall return any and all Covered Documents or Covered Information to SBA's counsel within ten (10) business days following the termination of this Action (including any appeals hereof) or when they are no longer assigned or retained to work on this Action, whichever is earlier. Any pleadings or other court filings created or filed by Plaintiffs' counsel that contain Covered Documents or

Covered Information and are retained by Plaintiffs' counsel as part of their litigation files remain subject to the terms of this Order.

10. <u>Covered Documents and Covered Information To Be Filed Under Seal</u>. Those portions of any filings with the Court that include Covered Documents or Covered Information produced subject to this Order shall be made under seal pursuant to the applicable rules of the Court.

11. <u>Failure to Designate</u>. The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's contention that those materials are or are not covered by this Order.

12. <u>Dispute Resolution</u>. In the event that any party to this Action disagrees at any stage of these proceedings with the designation of Covered Documents or Covered Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting that the information should not be protected as Covered Documents or Covered Information shall have the burden of proving the same. No disclosure of designated Covered Documents or Covered Information inconsistent with the obligations of this Order shall be made unless and until the Court orders such.

13. <u>Continued Effect</u>. Insofar as the provisions of this Order restrict the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

14. <u>Unauthorized Disclosure</u>. Should any Covered Documents or Covered Information be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this

Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. In particular, the disclosing party shall (a) promptly inform such person in writing of all the provisions of this Order and use its best efforts to immediately retrieve all copies of the Covered Documents or Covered Information; (b) simultaneously serve, by electronic mail upon the SBA, copies of the inadvertently disclosed material or a full description of the inadvertently disclosed material; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A. The executed agreement shall promptly be served by electronic mail upon the SBA.

15. <u>Nonparty Demand</u>. If either party to this Action receives or is served with a third-party subpoena, request for production, or some other legal demand seeking Covered Documents or Covered Information, that party shall give prompt actual written notice, within ten (10) days of receipt of such subpoena, demand, or legal process, to the opposing party. The SBA may then object to the production of the Covered Documents or Covered Information to the extent permitted by law. Should the third-party seeking access to the Covered Documents or Covered Information take action to enforce such a subpoena, demand or other legal process, the receiving party shall respond by setting forth the existence of this Order.

16. Nothing in this Order shall bar amendment of this Order by agreement of the parties or by Order of the Court. Any such amendment made by agreement of the parties shall be made in writing.

17. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

18. The parties agree to submit this Order for entry by the Court and to be bound by its terms while waiting its entry by the Court.

19. Nothing in this Order shall be construed as prohibiting or otherwise restricting SBA's own use or disclosure of Covered Documents or Covered Information subject to this Order.

20.     Nothing in this Order shall be construed as prohibiting or otherwise restricting SBA from determining that a document included in the Preliminary Administrative Record shall not be included in the Administrative Record.  SBA will finally certify the contents of the Administrative Record at an appropriate future date to be specified by the Court following further conference between the parties.

    IT IS SO ORDERED.


Dated: _____

                                                          _____
                                                          TREVOR N. MCFADDEN
                                                          United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANI-KING INTERNATIONAL, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:20-cv-0989 (TNM) ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## **AFFIDAVIT OF** _____

THE STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned, a Notary Public, personally appeared _____, known to me to be the person whose name is subscribed below, who, being by me duly sworn, deposed and stated:

a. My name is _____. I am over the age of twenty-one years, of sound mind and capable of making this Affidavit. I am personally acquainted with the facts stated herein and know them to be true and correct. I have never been convicted of a felony or a crime involving moral turpitude.

b. My address is _____.

  c. My present occupation is _____, and I am currently employed by _____.

  d. I have received a copy of the Protective Order in this Action, and have carefully read and understand its provisions.

  e. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action, any "Covered Documents or Covered Information" (as those terms are defined in the Protective Order) which I receive in this Action.

  f. I declare under penalty of perjury that the foregoing is true and correct.

  FURTHER AFFIANT SAYETH NOT.

_____

Executed on _____.

SUBSCRIBED AND SWORN TO before me, a Notary Public for the State and County aforesaid, on this _____ day of _____, 2020.

[Notary Seal]

               _____